ANDREW M. MORSE (4498)
SCOTT YOUNG (10695)
SNOW, CHRISTENSEN & MARTINEAU
10 Exchange Place, Eleventh Floor
Post Office Box 45000
Salt Lake City, Utah  84145-5000
Telephone:  (801) 521-9000
Facsimile:  (801) 363-0400
*Attorneys for Defendants Swift Transportation Co. of
Arizona, LLC, and Swift Leasing Co., LLC*

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH – CENTRAL DIVISION

| | |
|---|---|
| FABIAN GONZALEZ,<br><br>                Plaintiff,<br><br>vs.<br><br>SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, an Arizona corporation, SWIFT LEASING CO., LLC, an Arizona corporation, JOEL ROCHA, an individual, and DOES 1-10 INCLUSIVE,<br><br>                Defendants. | **ANSWER and JURY DEMAND OF DEFENDANTS SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, and SWIFT LEASING CO., LLC**<br><br>Case No. 180906595<br><br>Judge Mark Kouris |

Defendants Swift Transportation Co. of Arizona, LLC and Swift Leasing Co., LLC

("Defendants") answer Plaintiff's Complaint as follows:

### FIRST DEFENSE

The complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Defendants admits and denies the allegations in Plaintiff's complaint as follows:

1.     Deny the allegations in ¶ 1 for lack of information or belief.

2.     Admit the allegations in ¶ 2-6.

3.     Deny the allegations in ¶ 7 for lack of information or belief.

4.     Paragraph 8 incorporates by reference the preceding allegations in the Complaint. Therefore, Defendants incorporate their responses to the preceding allegations in the Complaint in response to ¶ 8.

5.     Admit the allegations in ¶ 9-10.

6.     Deny the allegations in ¶ 11 for lack of information or belief.

7.     Paragraph 12 incorporates by reference the preceding allegations in the Complaint. Therefore, Defendants incorporate their responses to the preceding allegations in the Complaint in response to ¶ 12.

8.     Admit the allegations in ¶ 13-25 that Plaintiff was involved in a motor vehicle accident with Defendant Rocha on or about January 19, 2017.  Deny all other allegations in these paragraphs for lack of information or belief.

9.     Admit the allegations in ¶ 26-27.

10.     Deny the allegations in ¶ 28-37.

11.     Paragraph 38 incorporates by reference the preceding allegations in the Complaint. Therefore, Defendants incorporate their responses to the preceding allegations in the Complaint in response to ¶ 38.

12.     Admit the allegation in ¶ 39 that Defendant Rocha owed a duty of care to operate his vehicle safely.  Deny all other allegations in this paragraph.

13.     Deny the allegations in ¶ 40-42.

14.     Paragraph 43 incorporates by reference the preceding allegations in the Complaint. Therefore, Defendants incorporate their responses to the preceding allegations in the Complaint in response to ¶ 43.

15.     Admit the allegation in ¶ 44 that Defendants knowingly permitted Rocha to operate the semi-truck.  Deny all other allegations in this paragraph.

16.     Admit the allegations in ¶ 45.

17.     Admit the allegation in ¶ 46 that the accident occurred while Rocha was acting within the course and scope of his employment.  Deny all other allegations in this paragraph.

18.     Admit the allegation in ¶ 47 that the accident occurred while Rocha was on duty and while he was acting in furtherance of the interest of Defendants.  Deny all other allegations in this paragraph.

19.     Deny the allegations in ¶ 48-52.

20.     Deny the allegations in Plaintiff's Request for Relief and that Plaintiff is entitled to any of the relief requested therein.

21.     Deny any and all allegations in the Complaint not expressly admitted herein.

### THIRD DEFENSE

Plaintiff is barred from recovery to the extent that he has failed to reasonably mitigate his damages.

### FOURTH DEFENSE

Plaintiff's claims are barred by the doctrines of laches and/or unclean hands, waiver, estoppel, res judicata, collateral estoppel, claim preclusion, issue preclusion, consent, acquiescence, ratification and release.

3

**FIFTH DEFENSE**

The complaint is barred, in whole or in part, or Plaintiff's damages, if any, must be reduced, by reason of breach of duty, acts or omissions, contributory negligence, or fault of, or attributable to, the Plaintiff.

**SIXTH DEFENSE**

Plaintiff's claims are barred in whole or in part by the acts, omissions, negligence, or intentional acts of third parties over whom Defendants had no control or right of control.

**SEVENTH DEFENSE**

Defendants cannot be liable for the fault of plaintiff or any other third party, entity, or individual.  Defendants are liable, if at all, only for their own fault pursuant to Utah's Comparative Negligence Statute, Utah Code Ann. § 78B-5-818 (2008), *et seq*., and under no circumstances can they be jointly and/or severally liable for the fault of another or other tortfeasors, including an intentional tortfeasor.  The injury and damages allegedly sustained by plaintiff may have been proximately caused by the fault or negligence of other persons or entities that are not yet parties to this lawsuit and the fault of such third parties should be quantified and any recovery made by plaintiff reduced accordingly.  Defendants reserve the right to amend this Answer and to name third parties who are, or may be, fully or partially at fault in causing plaintiff's alleged injuries, pursuant to Utah Code Ann. §§ 78B-5-820 and 821, and to seek an appropriate allocation of fault.

**EIGHTH DEFENSE**

The fault of Plaintiff was greater than that of the Defendants, and such fault bars recovery for the Plaintiff.

## NINTH DEFENSE

An independent intervening and/or superseding cause was the proximate cause of any injury alleged by Plaintiff.

## TENTH DEFENSE

Plaintiff cannot recover for any amounts paid by PIP.

## ELEVENTH DEFENSE

Plaintiff's injuries, if any, were caused by a preexisting condition.

## TWELFTH DEFENSE

Defendants reserve the right to supplement these defenses with additional defenses.

WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed with prejudice, that they be awarded costs and reasonable attorneys' fees incurred in defending this action, and for other further relief as the court deems appropriate under the circumstances.

## JURY DEMAND

Defendants respectfully request a jury trial.

DATED this 4th day of October, 2018.

SNOW, CHRISTENSEN & MARTINEAU

/s/ Scott Young

_____

Andrew M. Morse
Scott Young
*Attorneys for Defendants Swift Transportation Co. of Arizona, LLC, and Swift Leasing Co., LLC*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on October 4, 2018, I caused a true and correct copy of the

foregoing **ANSWER and JURY DEMAND OF DEFENDANTS SWIFT TRANSPORTATION**

**CO. OF ARIZONA, LLC, and SWIFT LEASING CO., LLC** to be served upon the following by

U.S. Mail, postage prepaid:

> Joseph Jardine
> Peter D. Goodall
> JARDINE LAW OFFICES, P.C.
> 140 North Union Avenue, Suite 205
> Farmington, Utah 84025
> *Attorneys for Plaintiff*


/s/ Kathy Pickett
_____

4841-7003-8866, v. 1